**LEWIS BRISBOIS BISGAARD & SMITH LLP**
REBECCA R. WEINREICH, SB# 155684
  E-Mail: Rebecca.Weinreich@lewisbrisbois.com
AARON T. KNAPP, SB# 221289
  E-Mail: Aaron.Knapp@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone:  (213) 250-1800
Facsimile:   (213) 250-7900

Attorneys for Plaintiff GENERAL STAR INDEMNITY COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GENERAL STAR INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>F&M RADIOLOGY MEDICAL CENTER, INC. d/b/a SINA URGENT CARE; MOOSA HEIKALI, M.D.; BAHRAM TABIBIAN, M.D.; VENUS NAVARRO JULIAN, M.D.; and FATEMEH SHAHRIARI,<br><br>Defendants. | Case No.  2:22-cv-02233<br><br>COMPLAINT FOR DECLARATORY JUDGMENT & REIMBURSEMENT<br><br>**Demand for Jury Trial** |

NOW COMES Plaintiff, GENERAL STAR INDEMNITY COMPANY (hereinafter "General Star"), by and through its attorneys, and for its Complaint for Declaratory Judgment against F&M RADIOLOGY MEDICAL CENTER, INC. d/b/a SINA URGENT CARE, MOOSA HEIKALI, M.D., BAHRAM TABIBIAN, M.D., VENUS NAVARRO JULIAN, M.D. and FATEMEH SHAHRIARI states as follows:

## PARTIES

1. General Star is a Delaware corporation with its principal place of business located in the state of Connecticut.

2. At all times relevant, General Star was authorized to do business in and issue insurance policies in the State of California.

3. At all times relevant, F&M RADIOLOGY MEDICAL CENTER, INC. ("F&M Radiology") was a California corporation having its principal place of business in California.

4. At all times relevant, F&M Radiology owned and operated SINA URGENT CARE ("Sina Urgent Care") under a fictious name permit issued by the State of California.

5. At all times relevant, MOOSA HEIKALI, M.D. ("Heikali") was an individual and citizen of California. Heikali resides in California and, upon information and belief, intends to remain a resident of California.

6. Heikali's medical license was revoked effective January 2, 2015.

7. At all times relevant, BAHRAM TABIBIAN, M.D. ("Tabibian") was an individual and citizen of California. Tabibian resides in California and, upon information and belief, intends to remain a resident of California.

8. Tabibian's medical license was suspended effective October 4, 2019.

9. At all times relevant, VENUS NAVARRO JULIAN, M.D. ("Julian") was an individual and citizen of California. Julian resides in California and, upon information and belief, intends to remain a resident of California.

10. At all times relevant, FATEMEH SHAHRIARI (hereinafter "Shahriari") is an individual and citizen of California. Shahriari resides in California and, upon information and belief, intends to remain a resident of California.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) as F&M Radiology, Heikali, Tabibian and Julian reside in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## NATURE OF ACTION

14. This action arises out of a controversy between the parties regarding a Miscellaneous Health Care Facilities Insurance Policy (the "Policy") issued by General Star to F&M Radiology.

15. General Star brings the instant action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 to declare the rights and obligations between the parties under the Policy as it relates to a demand for insurance coverage by F&M Radiology, Heikali, Tabibian and Julian in response to a lawsuit filed by Shahriari on April 23, 2021 in the Superior Court for the County of Los Angeles, California entitled *Fatemeh Shahriari v. Moosa Heikali, M.D., et al.*, Case No. 21STCV15479 (the "Underlying Lawsuit").

16. Shahriari has been joined as a Defendant herein pursuant to Rule 19 of the Federal Rules of Civil Procedure as the determination of General Star's rights and obligations under the Policy may affect her interests.

17. There exists an actual controversy between the parties that requires a declaration by this Court of the rights and obligations under the Policy as it relates to the Underlying Lawsuit.

18. The amount in controversy exceeds $75,000 because the Underlying Lawsuit seeks damages in excess of the Policy's $1 million Limit of Liability.

19. Specifically, General Star seeks a judicial determination that there is no coverage for the Underlying Lawsuit for Julian as she is not an **Insured** under the Policy. General Star also seeks a judicial determination that there is no coverage for the Underlying Lawsuit pursuant to the express terms of the Policy by operation of Exclusion 19 of the Policy, which precludes coverage for a **claim** arising out of a **medical incident** involving any **Insured** that occurs during any time such **Insured's** professional license has been suspended, revoked or voluntarily surrendered.[1] Further, General Star seeks a judicial determination coverage is precluded by operation of Exclusion 7, which precludes coverage for any **claim** arising out of, resulting from, caused by or contributed to by any criminal, malicious, dishonest or fraudulent act, error or omission committed by or at the direction of any **Insured**. Additionally, pursuant to the express terms of the Policy, General Star seeks the reimbursement of all **damages** or **claim expenses** paid by it in connection with the Underlying Lawsuit.

## FACTUAL BACKGROUND

### The Underlying Lawsuit

20. On January 25, 2021, F&M Radiology, Heikali, Tabibian, and Julian received correspondence from counsel for Shahriari pursuant to § 364 of the California Code of Civil Procedure (the "Notice of Intent").

21. The Notice of Intent advised F&M Radiology, Heikali, Tabibian, and Julian of Shahriari's intent to commence a lawsuit against them as a result of a right

---

[1] Bolded terms are defined in the Policy.



knee injection administered to Shahriari on January 23, 2020 at Sina Urgent Care.

22. General Star was provided with a copy of the Notice of Intent and subsequently notified F&M Radiology, Heikali, Tabibian, and Julian of its coverage position in connection with the Notice of Intent.

23. On April 23, 2021, Shahriari filed the Underlying Lawsuit in the Superior Court for the County of Los Angeles, California entitled *Fatemeh Shahriari v. Moosa Heikali, M.D., et al.*, Case No. 21STCV15479. A true and correct copy of the Complaint filed in the Underlying Lawsuit is attached hereto as **Exhibit A.**

24. The Underlying Lawsuit alleges that on January 23, 2020, Shahriari received medical treatment at Sina Urgent Care from Heikali in the form of an injection in her right knee. It is alleged the treatment provided by Heikali on that date and thereafter was inadequate and, as a result, Shahriari contracted an infection and sustained permanent damage to her right knee. The Underlying Lawsuit seeks the recovery of general, special and punitive damages, prejudgment interest, and attorney's fees and costs as a result of the injuries sustained by Shahriari.

25. The Underlying Lawsuit further alleges that Heikali's medical license was suspended in 2015 even though Heikali and the staff at Sina Urgent Care allegedly held Heikali out as a licensed physician. In particular, it is alleged that Tabibian, who was the CEO and director of F&M Radiology in January 2020, employed Heikali and allowed him to see patients with full knowledge that Heikali did not have a valid medical license. It is further alleged that F&M Radiology allowed Hekali to treat patients despite an announcement on November 14, 2019, that the Los Angeles City Attorney would be prosecuting Heikali for practicing medicine without a license and prosecuting Tabibian for aiding and abetting the unauthorized practice of medicine by Heikali. The Underlying Lawsuit accordingly alleges that Tabibian and F&M Radiology are responsible for the damage caused by Heikali and the fraud perpetrated on Shahriari.

26. General Star was notified of the Underlying Lawsuit on June 15, 2021.

27. General Star agreed to provide a defense to F&M Radiology, Heikali, and Tabibian in connection with the Underlying Lawsuit and continues to provide a defense to F&M Radiology, Heikali, and Tabibian, subject to a strict reservation of rights.

**The General Star Policy**

28. General Star issued Miscellaneous Health Care Facilities Insurance Policy No. IJG930516A to F&M Radiology Medical Center, Inc. for the Policy Period of November 11, 2020 to December 11, 2021 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit B**.

29. Section I (Insuring Agreement) of the Policy provides as follows:

> We will pay all amounts up to our Limit of Insurance that an **Insured** becomes legally obligated to pay as **damages** because of:
>
> a. **Claims** first made against an **Insured** during the **policy period** arising from a **medical incident** that takes place on or after the Retroactive Date shown in the Declarations or an Endorsement or Schedule attached to this policy and prior to the end of the **policy period** and reported to us in writing during the **policy period** or within thirty (30) days thereafter or during any Optional Extended Reporting Period, if applicable; …
>
> No other obligation or liability to pay any sum or perform any act or service is covered unless explicitly provided for in this **INSURING AGREEMENT**. …

30. Section II (Who is an Insured) states as follows:

> 1. Any individual or organization stated in the Declarations of this policy is a **Named Insured**.

2.  The policy covers the **Named Insured** as follows:
    a.  If the **Named Insured** is designated in the Declarations as an organization other than a partnership, joint venture or limited liability company; any Executive Officer thereof is an **Insured**, but only with respect to their duties as the **Named Insured's** officers or directors and exclusively in the rendering of professional services for the **Named Insured**;
3.  Subject to the limitations below, the following are **Insureds**:
    a.  Your students, employees and **volunteer workers** when working for you within the scope of their duties. …
5.  **Insured** shall not include any person who is a resident, intern, physician, surgeon, dentist, licensed or certified registered nurse anesthetist, nurse midwife, podiatrist or chiropractor, arising out of a **medical incident**, whether or not they are students, employees or **volunteer workers**.

31. The Definitions Section of the Common Policy Provisions of the Policy contains the following relevant definitions:

5.  **Claim** means:
    a.  A **suit**;
    b.  A written order or demand for **damages**, which is not a **suit**, arising from an **occurrence** or **medical incident**; or
    c.  An arbitration proceeding or other alternative dispute resolution proceeding seeking **damages**, to which an **Insured** is required to submit by statute or court rule or

to which an **Insured** submits with our consent, arising from an **occurrence** or **medical incident**.

**Claim** does not include **potential claims**, or a **suit**, written order or demand, or proceeding seeking solely declarative, injunctive or other non-pecuniary or equitable relief; or that portion of a **suit**, written order or demand or proceeding seeking **damages** that also seeks declarative, injunctive or other nonpecuniary or equitable relief.

9. **Damages** means sums, including punitive or exemplary damages, if insurable under applicable law, that an **Insured** becomes legally obligated to pay as a result of a **claim**. **Damages** do not include:
   a. Sanctions, fines, taxes or penalties;
   b. Payment for professional services, including refund of fees, withdrawal or reduction of fees paid to an **Insured**;
   c. Disgorgement of profits and/or rescissory damages;
   d. Attorneys' fees in defense of a person or entity other than an **Insured**; or
   e. Costs of non-pecuniary or equitable relief.

11. **Insured** means any person or entity qualifying as such under **SECTION II – WHO IS AN INSURED** of the **PROFESSIONAL LIABILITY INSURANCE COVERAGE PART** or of the **GENERAL LIABILITY COVERAGE PART**, if applicable.

13. **Medical Incident** means any act, error or omission, or a series of related acts, errors or omissions, in the providing of or failure to provide **professional services** including the actual, threatened, attempted, proposed or alleged abuse

and/or molestation of a patient of an **Insured** if a sublimit for

**Abuse or Molestation** is shown in the Limits of Insurance in the Declarations. This includes an **Insured's** responsibility for anyone acting under the **Insured's** direction or control.

20. **Professional Services** means services performed in the treatment or care of any person, including medical, dental, nursing, psychiatric, osteopathic, chiropractic, or other professional healthcare services, including:

   a. The furnishing of food, beverages, medications, or equipment or appliances in connection with such treatment or care;

   b. The furnishing of such professional healthcare services as a member of a board or committee for formal accreditation or standards review (including **peer review**) or similar professional board or committee, including executing the directives of such board or committee; and

   c. The postmortem handling of human bodies.

## COUNT I

## Declaration that Julian is not an Insured under the Policy

32. General Star repeats and realleges Paragraphs 1 through 30 of this Complaint for Declaratory Judgment as if fully set forth herein.

33. Section II (Who Is Insured), Para. 5 of the Policy expressly provides that the term **Insured** shall not include any person who is a resident, intern, physician, surgeon, dentist, licensed or certified registered nurse anesthetist, nurse midwife, podiatrist or chiropractor, arising out of a **medical incident**, whether or not they are students, employees or **volunteer workers**.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

34. During the period referenced in the Underlying Lawsuit, Julian was a physician practicing medicine under a valid medical license issued by the State of California

35. Julian, as a physician, is not an **Insured** under the Policy and is not entitled to coverage under the Policy for the Underlying Lawsuit.

## COUNT II

## Declaration that Coverage is Precluded by Operation of Exclusion 19 of the Policy

36. General Star repeats and realleges Paragraphs 1 through 34 of this Complaint for Declaratory Judgment as if fully set forth herein.

37. Common Policy Provisions (General Exclusions), Para. 19 of the Policy provides as follows:

> We will not defend or pay **damages** or **claim expenses** for any **claim** or **potential claim** arising out of, resulting from, caused by or contributed to by any of the following:
>
> 19. **Licensure**: A **medical incident** involving any **Insured** that:
>     a. Occurs during any time such **Insured's** professional license has been suspended, revoked or voluntarily surrendered;
>     b. Constitutes a violation of any restriction imposed or placed upon such license; or
>     c. Falls outside the scope of such license.

38. Exclusion 19 precludes coverage for any **claim** arising out of a **medical incident** involving any **Insured** that occurs during any time such **Insured's** professional license has been suspended, revoked or voluntarily surrendered.

39. F&M Radiology, Heikali, and Tabibian are **Insureds** under the Policy.

COMPLAINT FOR DECLARATORY JUDGMENT & REIMBURSEMENT

40. The Underlying Lawsuit is a **claim** which alleges a **medical incident** occurring on or about January 23, 2020 involving an **Insured**.

41. During the period referenced in the Underlying Lawsuit, Heikali's medical license was revoked.

42. During the period referenced in the Underlying Lawsuit, Tabibian's medical license was suspended.

43. The Underlying Lawsuit is thus a **claim** arising out of a **medical incident** involving an **Insured** which occurred while an **Insured's** license was suspended or revoked. Coverage is accordingly barred by operation of Exclusion 19.

## COUNT III

## Declaration that Coverage is Precluded by Operation of Exclusion 7 of the Policy

44. General Star repeats and realleges Paragraphs 1 through 42 of this Complaint for Declaratory Judgment as if fully set forth herein.

45. Common Policy Provisions (General Exclusions), Para. 7 of the Policy provides as follows:

> We will not defend or pay **damages** or **claim expenses** for any **claim** or **potential claim** arising out of, resulting from, caused by or contributed to by any of the following:
>
> 7. **Criminal Act**: Any criminal, malicious, dishonest or fraudulent act, error or omission committed by or at the direction of any **Insured**.

46. The Underlying Lawsuit asserts that F&M Radiology, Heikali, and Tabibian perpetrated a fraud on Shahriari by failing to disclose that Heikali's medical license had been revoked effective January 2, 2015 and that he did not possess a valid medical license at the time Shahriari received treatment at Sina Urgent Care.

47. Coverage for the Underlying Lawsuit is accordingly barred by operation of Exclusion 7.

# COUNT IV

## Declaratory Judgment that F&M Radiology, Heikali, and Tabibian Must Reimburse Damages and Claim Expenses

48. General Star repeats and realleges Paragraphs 1 to 46 of this Complaint for Declaratory Judgment as if fully set forth herein.

49. Common Policy Provisions (General Conditions), Para. 16 of the Policy provides as follows:

> **16. Reimbursement:**
> While we have no duty to do so, if we pay **damages** or **claim expenses:**
> a. Within the amount of the applicable deductible; or
> b. In excess of the applicable Limit of Insurance; or
> c. Under a reservation of rights to seek reimbursement, and it is determined that we are entitled to reimbursement,
>
> All **Insureds** for whose benefit payment was made shall be jointly and severally liable to us for such amounts. Upon written demand, any such **Insured** shall repay such amounts to us within thirty (30) days. Failure to pay any amount indicated may lead to policy termination.

50. Subject to the other terms and conditions of the Policy, Common Policy Provisions (General Conditions), Para. 16 states that if General Star pays **damages** or **claim expenses** under a reservation of rights to seek reimbursement, and it is entitled to such reimbursement, the **Insureds** shall repay such amounts to the General Star.

51. General Star has been providing and continues to provide a defense to F&M Radiology, Heikali, and Tabibian in connection with the Underlying Lawsuit, subject to a strict reservation of rights.

52. General Star has reserved its rights to seek reimbursement of **damages** and **claim expenses** from F&M Radiology, Heikali, and Tabibian.

53. Should the Court determine that no coverage exists for the Underlying Lawsuit under the Policy, General Star is entitled to reimbursement from F&M Radiology, Heikali, and Tabibian for any **damages** and **claim expenses** paid, including reimbursement of all costs and fees incurred by General Star to defend F&M Radiology, Heikali, and Tabibian in the Underlying Lawsuit.

WHEREFORE, Plaintiff, GENERAL STAR INDEMNITY COMPANY, respectfully requests that judgment be entered in its favor and against the Defendants, and prays that this Court:

a) Enter an Order finding and declaring that General Star is not obligated to defend or indemnify F&M Radiology, Heikali, Tabibian, and Julian in connection with the Underlying Lawsuit, or for any claim based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving the conduct and facts, circumstances and situations described in the Underlying Lawsuit;

b) Enter an Order finding and declaring that, based on the terms and conditions of one or both of Exclusion 19 and Exclusion 7 of the Policy, General Star is not obligated to defend or indemnify F&M Radiology, Heikali, and Tabibian in connection with the Underlying Lawsuit, or for any claim based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving the conduct and facts, circumstances and situations described in the Underlying Lawsuit;

c) Enter an Order awarding General Star all costs and expenses it incurred in this matter;

d) Enter an Order directing F&M Radiology, Heikali, and Tabibian to reimburse General Star for **damages** and **claim expenses** incurred by General Star, including those fees and costs incurred in defending F&M Radiology, Heikali, and Tabibian in the Underlying Lawsuit; and

e) Grant any such other and further relief which this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, GENERAL STAR INDEMNITY COMPANY, hereby demands a trial by jury.

Respectfully submitted,

DATED: April 1, 2022	**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Rebecca R. Weinreich
Aaron T. Knapp


By:	/s/ *Rebecca Weinreich*
	Rebecca R. Weinreich
	Attorneys for Plaintiff GENERAL STAR INDEMNITY COMPANY

