UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-2233-DMG (JCx) | Date | March 29, 2024 |
| Title | *General Star Indemnity Company v. F and M Radiology Medical Center, Inc., et al.* | Page | 1 of 4 |

Present: The Honorable **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KELLY DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO ENTER PARTIAL JUDGMENT PURSUANT TO RULE 54(B) [74]**

Pending before the Court is Plaintiff General Star's motion to enter partial judgment pursuant to Rule 54(b) [Doc. # 74-1 ("Rule 54 Mot.")] following the Court's January 13, 2023 Order regarding General Star's Partial Motion for Summary Judgment and Defendant Shahriari's Motion to Stay or for Judgment on the Pleadings. [Doc. # 65 ("MSJ Ord.").] The Motion is fully briefed. [Doc. ## 75 ("Opp."), 76 ("Reply").]

For the following reasons, General Star's Rule 54 Motion is **DENIED**.

## I.
## PROCEDURAL HISTORY

In the MSJ Order, the Court granted in part and denied in part General Star's Motion for Summary Judgment on its duty to defend or indemnify certain medical professionals in a lawsuit brought by Shahriari against them in the Los Angeles Superior Court. MSJ Ord. at 2.[1] The Court granted the MSJ as to Claims 1 and 4. The Court also considered two exclusions from General Star's "Miscellaneous Health Care Facilities Insurance Policy," the so-called "Licensure Exception" and the "Criminal Act Exception." MSJ Ord. at 7–9; *see also* [Doc. # 55-10 (the "Policy").] The Court denied summary judgment as to the Policy Licensure Exception ("Claim 2"), and deferred ruling as to the Criminal Act Exception ("Claim 3"), pending the outcome in Dr. Heikali and Dr. Tabibian's criminal proceedings. MSJ Ord at 7–9. In addition, the Court granted Shahriari's Motion to Stay during the pendency of those proceedings. *Id.* at 12.

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-2233-DMG (JCx) | Date | March 29, 2024 |
| Title | *General Star Indemnity Company v. F and M Radiology Medical Center, Inc., et al.* | Page | 2 of 4 |

In the instant Rule 54 Motion, General Star asks the Court to enter partial judgment and certify its summary judgment order on the duty to defend in the Shahriari lawsuit pursuant to Federal Rule of Civil Procedure 54(b). *See* Rule 54 Mot. at 5–6.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) states that when there are multiple claims or multiple parties to an action, the district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." To determine whether to do so, the Supreme Court instructs that "[a] district court must first determine that it is dealing with a 'final judgment'" and then determine whether there is any just reason for delay. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim' entered in the course of a multiple claims action." *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

The district court has "sound judicial discretion" in determining when a final decision in a multiple claims action is ready for an appeal, but this is reserved for "unusual situations." *Id.* at 8; *Morrison Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). In more recent years, however, the trend has been towards a less restrictive view of Rule 54(b) than set forth in *Morrison-Knudsen*. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991). A judgment under Rule 54(b) is improper where the adjudicated and pending claims are closely related and stem from the same basic transaction. *See Romoland School Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 749 (9th Cir. 2008). Courts also consider whether immediate review of the portions ruled upon will result in later duplicative proceedings. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 878–79 (9th Cir. 2005).

## III.
## DISCUSSION

Under 28 U.S.C. section 1291, the court of appeals has jurisdiction to review only final decisions of district courts. Ordinarily, orders denying summary judgment are not considered "final" and are therefore not appealable under 28 U.S.C. section 1291. *See Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 884–84 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-2233-DMG (JCx) | Date | March 29, 2024 |
| Title | *General Star Indemnity Company v. F and M Radiology Medical Center, Inc., et al.* | Page | 3 of 4 |

As a preliminary matter, in its January 13, 2023 MSJ Order, the Court did not issue a declaratory ruling that General Star has a duty to defend, because it was not asked to do so. General Star merely asked the Court to rule on whether the "Licensure Exception" and the "Criminal Act Exception" could preclude any duty to defend as a matter of law. The Court was not able to make such a ruling, because resolution of these exceptions involved, at least in part, disputed issues of fact. By definition, there is no final appealable ruling as to General Star's duty to defend.

Moreover, General Star does not provide any binding Ninth Circuit caselaw (or even published district court opinions) supporting its contention that it is "well-settled" that the duty to defend and indemnify are separate "claims" for the purpose of Rule 54(b) certification. *See* Rule 54 Mot. at 9 (citing cases from the Second, Fourth, and Eighth Circuits); *see also Nw. Pipe Co. v. RLI Ins. Co.*, 2014 WL 2040073, at *3 (D. Or. May 16, 2014), *aff'd*, 649 F. App'x 643 (9th Cir. 2016) (granting Rule 54(b) motion on duty to defend alone based on "persuasive" out-of-circuit precedent). The issue does not appear to be "well-settled" in the Ninth Circuit. *See generally Arizona State Carpenters Pension Tr. Fund v. Miller*, 938 F.2d 1038, 1040 (9th Cir. 1991) (citing *Sears, Roebuck & Co.*, 351 U.S. at 435) ("the partial adjudication of a single claim is not appealable"); *see also Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 575 (9th Cir. 2018) (discussing lack of clarity around definition of "claim" in Rule 54(b) context); *CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695, 697 (9th Cir. 1961) ("The word 'claim' in Rule 54(b) refers to a set of facts giving rise to legal rights in the claimant, not to legal theories of recovery based upon those facts."). General Star does not address this precedent in its Motion.

General Star insists that the Court's MSJ Order "has the effect of an ultimate disposition." *See* Reply at 4. But an insurer's duty to defend and indemnify, while clearly different legal issues, *see supra*, do not explicitly fall under Rule 54's reference to "claims." *See* Fed. R. Civ. P. 54(b); *Buss v. Superior Court*, 16 Cal. 4th 35, 45–46 (1997); MSJ Ord. at 5–6 (setting forth legal standards for duties to indemnify and defend). In General Star's Complaint, the claims for declaratory relief as to its duty to indemnify and defend are not pleaded as separate claims. *See* Compl. ¶¶ 36–47 [Doc. # 1].

In light of the applicable caselaw, and the district court's broad discretion on Rule 54(b) motions, the Court declines to grant General Star's Rule 54 Motion, which would result in piecemeal litigation. Ultimately, General Star will be reimbursed for all its expenses defending the Insureds if the ultimate adjudication concludes that it did not have a duty to defend the action. *See U.S. Fidelity and Guar. Co. v. Lee Investments LLC*, 641 F.3d 1126, 1136–37 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-2233-DMG (JCx) | Date | March 29, 2024 |
|---|---|---|---|
| Title | *General Star Indemnity Company v. F and M Radiology Medical Center, Inc., et al.* | Page | 4 of 4 |

Cir. 2011); MSJ Ord. at 9 (granting summary judgment to General Star on the reservation of its right to reimbursement).

## IV.
## CONCLUSION

In light of the foregoing, the Court **DENIES** General Star's Rule 54 Motion.

**IT IS SO ORDERED.**

| CV-90 | CIVIL MINUTES—GENERAL | Initials of Deputy Clerk KD |
|---|---|---|